**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLIVE AND YOLANDA PACE, | 2:13-CV-339 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is the bankruptcy appeal of *Pace, et al. v. JP Morgan Chase Bank, et al.*, case number 2:13-cv-00339-JCM-GWF. Appellants Clive and Yolanda Pace filed an opening brief. (Doc. # 13). JPMorgan Chase Bank ("Chase") and Wells Fargo Bank ("Wells Fargo") filed an answering brief in opposition. (Doc. # 17). Bank of America ("BofA") and Mortgage Electronic Registration Systems, Inc. ("MERS") also filed an answering brief in opposition. (Doc. # 15).[1]

**I.   Background**

    **A.   Factual Background**

On or about April 22, 2004, appellant Clive Pace obtained a loan (the "first loan") from Washington Mutual Bank, F.A. ("Washington Mutual"), by a promissory note in the amount of $180,000 secured by a deed of trust recorded against a property located at 352 Rushing Creek Court, Henderson, NV 89014 ("the property"). (Doc. # 12, AA2, Ex. A ¶¶2, 5; Ex. B, ¶¶ 2,4 and, 5; Ex.

---

[1] All answering parties are collectively referred to as "respondents".

**James C. Mahan**
**U.S. District Judge**

B-1; Ex. B-2). On or about September 23, 2004, Clive and Yolanda Pace (the "Paces") executed a home equity line of credit agreement (the "second loan") with Washington Mutual with a credit limit of $50,000, which was secured by a deed of trust recorded against the property. (*Id.*, AA2, Ex. A, ¶¶ 3 and 5; Ex. B, ¶¶ 3-5; Ex. B-3; Ex. B-4). The notes for the first and second loans were endorsed by Washington Mutual, making them enforceable by the party in possession. (*Id.*, AA2, Ex. B-1 and Ex. B-3).

The Paces agreed to make monthly loan payments over a thirty year period, and also agreed that failure to make monthly payments would result in default, acceleration of the amount owed, and foreclosure against the property. (*Id.*, AA2, Ex. B-1, B-2, B-3, and B-4). In 2008, Washington Mutual was closed and the Federal Deposit Insurance Corporation ("FDIC") was appointed as the receiver of the assets of Washington Mutual. (*Id.*, AA2, n.5; Ex. C; Ex. D). On or about September 25, 2008, the FDIC sold assets of Washington Mutual to Chase, including the loans previously held by Washington Mutual. (*Id.*, AA2, Ex. A, ¶ 4).

In or around April 2009, the Paces stopped making payments on the loan. (*Id.*, AA2, Ex. A, ¶ 8). On August 14, 2009, Chase assigned its beneficial interest under the deed of trust of the loan to Wells Fargo. (*Id.*, AA2, Ex. A, ¶ 6; Ex. G). A notice of default was recorded against the property on August 17, 2009, but no trustee's sale has occurred. (*Id.*, AA2, Ex. A, ¶ 10; Ex. H). The Paces have not cured their default or tendered the full amount owing on the loans. Meanwhile, the Paces have continued to receive rental income from the property. (*Id.*, AA2, Ex. A, ¶¶ 8© and 9).

**B.    Procedural Background**

The Paces filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on October 22, 2010, which was converted to a Chapter 11 proceeding on March 15, 2011. The Paces also filed an adversary proceeding, where they challenged the banks, which asserted they had secured claims to the property owned by the Paces. (Doc. # 12, AA2; doc. # 18, AA21).

On February 14, 2012, the parties participated in a judicial settlement conference, but were unable to resolve the case. (Doc. # 18, AA21). On August 8, 2012, defendants Chase and Wells Fargo filed a motion for summary judgment. (Doc. # 12, AA2). Meanwhile, on September 27,

**James C. Mahan**
**U.S. District Judge**

- 2 -

2012, the Nevada Supreme Court issued its opinion in *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012). The bankruptcy judge vacated the hearing date and instructed parties to file supplemental briefs regarding what effect *Edelstein* might have on the instant action. (*Id.*, AA5).

The court held a hearing on the motion for summary judgment on December 18, 2012, where the bankruptcy judge granted summary judgment in favor of Chase and Wells Fargo. (Doc. # 18, AA21). On January 3, 2013, BofA and MERS filed a motion for summary judgment. (*Id.*). The bankruptcy judge also granted summary judgement in favor of BofA, relying on the same interpretation of *Edelstein*. (*Id.*).

The Paces filed a notice of a appeal to the district court on April 2, 2013. (*Id.*). The notice of appeal attaches only the bankruptcy court's granting of Chase and Wells Fargo motion for summary judgment. However, the Paces make arguments in their opening brief regarding the bankruptcy court's granting of BofA and MERS's motion for summary judgment. (*See* doc. # 13). The court considers the appeal as to both summary judgment orders.

**II.   Legal Standard**

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a); *Rains*, 428 F.3d at 900. The district court reviews a bankruptcy court's conclusions of law on a *de novo* basis. *In re Maunakea*, 448 B.R. 252, 258 (D. Haw. 2011).

**III.   Discussion**

The Paces' only argument on appeal is that the bankruptcy judge erred in holding that *Edelstein* mandated the granting of summary judgment. (Doc. # 13). The respondents argue that the bankruptcy judge's order does not turn solely on *Edelstein*, and therefore review of this case has no bearing on this matter.

The court, having conducted a *de novo* review of the bankruptcy judge's grant of summary judgment, agrees with respondents. Evaluation of this case under *Edelstein* is inapposite because

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  here the note was never split.

2  Washington Mutual was the lender under the note and the note's holder, as well as the beneficiary under the deed of trust. (*See* doc. # 14, AA2, Ex. B-1, Ex. B-2). Chase acquired both of these interests by way of the acquisition. The note and the deed of trust were not split because Chase had both interests at the loan's inception. Chase assigned the beneficiary interest under the deed of trust to Wells Fargo. This would appear to be a split; however because *Edelstein* adopts the Restatement approach, "a promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise." 286 P.3d at 257.

Here, there is no evidence that the parties intended for the note to be split. Even after the assignment to Wells Fargo, there was no split. Therefore, *Edelstein*'s reunification theory is irrelevant to the facts of the present case.

Even if Chase had physical possession of the note after Chase transferred the deed of trust to Wells Fargo, Chase would have possessed the note as Wells Fargo's servicing agent. This agency relationship would not disturb the court's determination that Wells Fargo acquired the relevant interest in the note when the beneficial interest in the deed of trust was assigned.

Therefore, the court AFFIRMS the bankruptcy judge's grant of summary judgment in respondents' favor.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the bankruptcy case, *Pace, et al. v. JP Morgan Chase Bank, et al.*, case number 2:13-cv-00339-JCM-GWF be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that the clerk of the court close this case.

DATED August 6, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -